UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KIMBERLY JENKINS,

                    Plaintiff,

      -against-                                **REPORT AND RECOMMENDATION**
                                                        23 CV 7103 (DG) (CLP)
WIOLETTA GRADZKI, *et al.*,

                    Defendants.

------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       On September 19, 2023, plaintiff Kimberly Jenkins filed this *pro se* action against her landlords Kazimierz and Wioletta Gradzki and John and Jane Doe defendants. Plaintiff alleges that her landlords commenced wrongful holdover and eviction proceedings following her filing of a harassment complaint. (Compl.[1]). She also alleges that Mr. Gradzki physically injured her, and that defendants failed to make timely repairs, constructively evicted her, prevented her use of outdoor space, and threatened her. (Id.) Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915. (ECF No. 2).

       On November 15, 2023, the Court issued an Order to Show Cause directing plaintiff to file a letter detailing her basis for invoking federal jurisdiction since her claims relate to landlord-tenant matters. (ECF No. 4). Plaintiff filed a responsive letter on December 13, 2023. (See Pl.'s Ltr.[2]). Plaintiff's letter asserts that "Wioletta Gradzki and Kazimierz Gradzki violated [plaintiff's] Civil Rights Act of 1964 and 1968" and that defendants restricted "access to or enjoyment of housing accommodation." (Id. at 1). The letter also describes in greater detail the

---

[1] Citations to "Compl." refer to the Complaint filed on September 19, 2023 (ECF No. 1).
[2] Citations to "Pl.'s Ltr." refer to plaintiff's letter filed on December 13, 2023 (ECF No. 5).

physical altercation between Mr. Gradzki and plaintiff, including that Mr. Gradzki stated, "arrest that Black Bitch." (Id. at 2).

For the reasons set forth below, the Court grants plaintiff's IFP application and respectfully recommends that the plaintiff's pleading be dismissed with leave to file an amended complaint within 30 days.

DISCUSSION

A.  IFP Application

In moving to proceed *in forma pauperis*, plaintiff claims that she is currently not employed, but that she receives an unspecified amount of cash assistance from HRA. (ECF No. 2). Plaintiff states that she currently has $0.00 in cash or in a bank account. (Id.) Given plaintiff's representations about her current financial status, the Court grants plaintiff's IFP motion.

B.  Review Under 28 U.S.C. § 1915(e)(2)(B).

"[W]here, as here, a plaintiff proceeds pro se, his pleadings 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Shider v. Allied Universal Sec. Co., No. 21 CV 6425, 2023 WL 2652280, at *2 (E.D.N.Y. Mar. 27, 2023) (quoting Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013)). "A pro se complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Boykin v. KeyCorp, 521 F.3d 202, 213–14 (2d Cir. 2008)).

Notwithstanding the leniency afforded to *pro se* plaintiffs, the district court shall dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

C. Subject Matter Jurisdiction

In her letter to the Court, plaintiff states that defendants violated her rights under the Civil Rights Act of 1968, which includes the Fair Housing Act. (Pl.'s Ltr. at 1). Plaintiff alleges harassment and retaliation by her landlord defendants in both her Complaint and subsequent letter. Plaintiff's letter also includes a racially derogatory comment that one of the defendants made about her. (Id. at 2). Therefore, under the liberal construction afforded *pro se* plaintiffs, the Court finds that, subject to the discussion below, plaintiff's allegations raise federal questions under the Fair Housing Act.

D. Fair Housing Act Claim Elements

Title VIII of the Civil Rights Act of 1968, known as the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, et seq., bans specified discrimination by non-exempt housing providers, financers, and insurers. Section 3604(b) makes unlawful any discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." Section 3617 makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed" the rights granted in the Act.

"Courts in this Circuit have construed Section 3604(b) of the FHA to prohibit the creation of a 'hostile environment' by individuals who have control or authority over the 'terms, conditions, or privileges of sale or rental of a dwelling,' similar to the prohibition imposed by Title VII against the creation of a hostile work environment." Favourite v. 55 Halley St., Inc., 381 F. Supp. 3d 266, 277 (S.D.N.Y. 2019) (citing Cain v. Rambert, No. 13 CV 5807, 2014 WL

2440596, at *4 (E.D.N.Y. May 30, 2014)). "A plaintiff making a hostile housing environment claim must establish '(1) [he] was subjected to harassment that was sufficiently pervasive and severe so as to create a hostile [housing] environment, (2) the harassment was because of the plaintiff's membership in a protected class, and (3) a basis exists for imputing the allegedly harassing conduct to the defendants,' as well as 'a relationship between the discriminatory conduct and housing.'" Levy v. Lawrence Gardens Apartments Del, LLC, No. 21 CV 1415, 2023 WL 2667045, at *4 (E.D.N.Y. Mar. 28, 2023) (quoting Cain, 2014 WL 2440596, at *5 (omitting internal citations)).

Courts in this Circuit have also recognized retaliation claims under Section 3617 of the FHA. "'To prevail on a claim of retaliation under the FHA, a plaintiffs must establish: (1) that she engaged in protected activity by opposing conduct prohibited under the FHA; (2) that the defendant(s) was aware of the protected activity; (3) that the defendant(s) subsequently took adverse action against the plaintiff; and (4) that there is a causal connection between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse action.'" Favourite v. 55 Halley St., Inc., 381 F. Supp. 3d at 278 (quoting Lynn v. Vill. of Pomona, 373 F. Supp. 2d 418, 432 (S.D.N.Y. 2005)).

E. Analysis

Regarding the first and third elements of a Fair Housing Act hostile environment claim as detailed above, plaintiff sufficiently alleges that she was subjected to pervasive harassment by defendants, including physical violence, threats, failure to make timely repairs, and restrictions on the enjoyment of previously used common areas and plaintiff's property stored in those areas. (See Compl.). However, with respect to the relationship between plaintiff's membership in a protected class and the harassment, plaintiff provides only one allegation, that Mr. Gradzki called

4

her a "Black Bitch." (Pl.'s Ltr. at 2). Although this stray remark is certainly evidence of discriminatory animus, it is insufficient to meet the second element of a hostile environment claim, even under the liberal construction required of *pro se* pleadings. See Favourite v. 55 Halley St., Inc., 381 F. Supp. 3d at 281.

To the extent that plaintiff seeks to bring a retaliation claim against defendants, she fails to allege facts sufficient to satisfy each element required under the FHA. The Complaint alleges that Mr. Gradkzi brought an action against plaintiff in landlord-tenant court "in retaliation because [plaintiff] put in a petition for harassment." However, there is no allegation that plaintiff's petition constituted protected activity under the FHA and no explanation of the causal connection between the petition and Mr. Gradzki's action.

## CONCLUSION

For the reasons stated above, the Court grants plaintiff's motion to proceed *in forma pauperis* and respectfully recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). However, in light of plaintiff's *pro se* status, it is further recommended that plaintiff be granted leave to amend the complaint within 30 days from the date of any Order adopting this Report and Recommendation.

Should the district court adopt this recommendation and plaintiff elect to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 23-CV-7103 (DG) (CLP). A flyer for the Eastern District's Federal Pro Se Legal Assistance Project is attached to this Report and Recommendation, should the plaintiff desire limited-scope legal assistance.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method

for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

    **SO ORDERED.**

Dated: February 8, 2024
       Brooklyn, New York

                                  /s/ Cheryl L. Pollak
                                  Cheryl L. Pollak
                                  United States Magistrate Judge
                                  Eastern District of New York

# Federal Pro Se Legal Assistance Project

The Federal Pro Se Legal Assistance Project is a free service offered by the City Bar Justice Center of the New York City Bar Association.

**Who We Help:**
- Self-represented (pro se) plaintiffs and defendants with civil cases in the U.S. District Court for the Eastern District of New York.
- Individuals thinking about filing a federal case pro se in the E.D.N.Y.
- *We cannot assist incarcerated litigants until they return to the community.*
- *We cannot assist with criminal matters.*

**Services We Provide:**
- <u>Limited-scope legal counseling</u> by an attorney. "Limited-scope" assistance means that the Project attorney cannot take your case for representation. After you meet with us, you will still act as your own lawyer on your case.
- Explaining federal court procedures and rules involved in your case.
- Advising you about potential federal claims before you file a lawsuit.
- Advice on drafts of court papers.
- Providing referrals to legal, governmental, and social services.

**How to Get Free Legal Help:**
- Walk-in consultation hours:
  - Mondays from 1:00 p.m. – 3:00 p.m.
  - Wednesdays from 1:00 p.m. – 3:00 p.m.

- Scheduled consultation hours (*please call for an appointment*).

- Please leave a voicemail at 212.382.4729; or
- Complete our intake form at https://www.citybarjusticecenter.org/fedpro/intake on your phone or computer.



Federal Pro Se Legal Assistance Project
c/o U.S. District Court, E.D.N.Y.
225 Cadman Plaza East, Room 108N
Brooklyn, NY 11201
(212) 382-4729
www.citybarjusticecenter.org

*Nov. 10, 2022*